**John DeFERRO**

v.

**Ben COCO, Dennis L. O'Connell, David I. Grunfeld, James J. DeMarco, Judge, Edward F. Bradley, Judge, Nicholas A. Cipriani, and Lucille DeFerro.**

**Civ. A. No. 89–0787.**

United States District Court, E.D. Pennsylvania.

April 14, 1989.

John DeFerro, Voorhees, N.J., in pro. per.

James J. DeMarco, Philadelphia, Pa., for James J. DeMarco, Lucile DeFerro.

Steven R. Waxman, Philadelphia, Pa., for David I. Grunfeld.

Howland W. Abramson, Philadelphia, Pa., for Judge Edward F. Bradley, Judge Nicholas A. Cipriani, Ben Coco and Dennis O'Connell.

## MEMORANDUM AND ORDER

KATZ, District Judge.

This is an action brought by John DeFerro, proceeding pro se, presumably under 42 U.S.C. § 1983[1], against defendants Judge Edward F. Bradley, President Judge of the Court of Common Pleas; Judge Nicholas A. Cipriani, Administrative Judge, Family Court Division of the Court of Common Pleas; Ben Coco, Chief of the Appointment Unit of the Family Court Division; Dennis O'Connell, Judge Cipriani's law clerk; David I. Grunfeld, plaintiff's attorney in a divorce proceeding in state court; James DeMarco, plaintiff's wife's attorney; and Lucille DeFerro, plaintiff's wife. The judicial defendants, *i.e.*, Judge Bradley, Judge

Cipriani, Mr. Coco and Mr. O'Connell, have jointly moved to dismiss the complaint on a number of grounds. Defendant Grunfeld has separately moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has responded to both of these motions and has filed his own motion to compel discovery.

█ When considering a motion to dismiss, the facts alleged in the complaint are to be treated as true and must be interpreted in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Pro se plaintiffs are entitled to even more deference on a motion to dismiss. *E.g., Becker v. Commissioner of Internal Revenue*, 751 F.2d 146, 149 (3d Cir.1984). However, there is an added pleading requirement in section 1983 cases that "the complaint contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff[ ]." *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir.1988), *quoting Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir.1981). Because I find that plaintiff's complaint fails to state a claim against any of the moving defendants with the requisite particularity, I shall grant both motions to dismiss.

Plaintiff's grievances stem from the conduct of defendants incident to a divorce action brought by his wife in the Court of Common Pleas on June 18, 1987. A close reading of the complaint reveals the existence of four more-or-less distinct claims. Plaintiff's first claim is that he has been denied access to public court records, in apparent violation of due process. Second, plaintiff claims that he was denied access to the courts by virtue of the state court's rejection of documents submitted by him for filing, also a due process violation. Third, he claims that he has been denied the use of his house and his property, also a violation of due process. Finally, he asserts that the provisions in Pennsylvania's

---

1. The complaint asserts that jurisdiction derives from "42 U.S.C. 1983, 1986 and 1988 and Arts. 3, 6 and 7 of the U.S. Constitution along with U.S. Const.Amends. 1, 6, 9, 10 & 14. and Art. 3 along with 28 U.S.C. 1331, 1332 and 1343." Complaint at 2.

divorce laws pertaining to the distribution of marital property, and the manner in which these laws have been implemented by defendants, discriminate against men, and that this constitutes an equal protection violation.

■ Even viewing the complaint in its most favorable light, and construing every allegation as true, it is difficult to decipher the factual basis of plaintiff's claims to any reasonable degree of clarity, or to the requisite degree of particularity.[2] On October 24, 1988, plaintiff sent a letter to President Judge Bradley, in which he "requested assistance in obtaining access to the Public Court Records in divorce cases for general information." Complaint, ¶ 23. President Judge Bradley responded on October 31, informing plaintiff that the "matter" had been transferred to Judge Cipriani.[3] This, beyond a host of general allegations that the "court" and "judges" have refused to cooperate in granting plaintiff access to public records, seems to constitute the extent of plaintiff's charges against President Judge Bradley.[4] These allegations lack the requisite particularity to support a claim against President Judge Bradley.

■ On October 24, 1988, plaintiff also sent a letter to Mr. Coco, in which he "attempted to ascertain the right for appointment of master for settlement/distribution of property" in connection with the state divorce action. *Id.*, ¶¶ 23, 25. Mr. Coco answered on October 30 that he could not assist plaintiff in preparing a motion and that, inasmuch as plaintiff was represented by counsel, it was improper for plaintiff to make such a request on his own behalf.[5] On November 9, plaintiff informed Mr. Coco that he had terminated all ties with Mr. Grunfeld and was proceeding pro se. Plaintiff then filed a motion requesting various kinds of relief from the court.[6] Mr. Coco refused to accept plaintiff's motion papers for filing. Further, instead of "carrying out his normal job of stamping them filed, returning them and then letting the court decide what to do with them," Complaint, ¶ 39, Mr. Coco also consulted Judge Cipriani's law clerk, Mr. O'Connell, about what action to take. This, again besides a number of conclusory allegations, is the factual essence of plaintiff's claim against Mr. Coco. These allegations alone lack the requisite particularity to support a claim against Mr. Coco.

■ Mr. O'Connell wrote a letter to plaintiff on Judge Cipriani's letterhead, dated December 15, "stating that the plaintiff was not permitted to proceed on his own, even after notifying the court of counsel's dismissal, that the papers were not filed and would not be filed and that the requests were totally irrelevant to the case." Complaint, ¶ 36. This is the factual essence of plaintiff's claim against Mr. O'Connell. This allegation alone lacks the

---

2. Plaintiff's response to the motions to dismiss adds nothing helpful in the way of clarity or particularity.

3. Apparently plaintiff was seeking access to court records to prove "that it is the policy of the court system to discriminate against men and in favor of women ... by finding that when a man moves out of a house and fails to pay rent and maintenance on the house that the woman is then granted a larger portion at distribution, ... while if the woman moves out of the house, the court contrives all sorts of new means and ways of again ruling in favor of the woman." Plaintiff's Brief Opposing Motion to Dismiss, ¶ 5. Plaintiff permanently moved out of the marital residence in April, 1987. Complaint, ¶¶ 6, 7.

4. The complaint further alleges that as of February 2, 1989, "there has been no response or

further assistance to obtain right of access to general public information or why the state/court claims it can not be obtained." Complaint, ¶ 27. It is unclear from the complaint what public court records were sought by plaintiff.

5. It is unclear from the complaint whether, and if so, when, defendant Grunfeld filed an appearance, or a withdrawal of appearance, in the divorce action.

6. According to the complaint, plaintiff's motion requested that the court order "one or more of the following": that the house be sold; that Mrs. DeFerro move out of the house so that it could be rented out, with each spouse to receive one-half of the proceeds; that if Mrs. DeFerro were not ordered to move out, she be ordered to pay plaintiff half the rental value of the house; that a master be appointed.

requisite particularity to support a claim against Mr. O'Connell.

 Judge Cipriani is charged with adopting, in an administrative capacity, a policy "whereby his law clerk is authorized to act in his behalf to deprive rights, to quash papers before they are filed, to prevent access to the courts and any other action necessary to ensure the discriminatory practices of the courts are protected and women continue to receive an 'unfair settlement' under guise of 'equity justice.'" Complaint, ¶ 44. This is the extent of plaintiff's factual allegations directly concerning Judge Cipriani. The allegations lack the requisite particularity to support a claim against Judge Cipriani.

Plaintiff's grievance against Mr. Grunfeld appears simply to be that the manner in which Mr. Grunfeld handled the divorce action was unsatisfactory to plaintiff. Plaintiff's specific allegations are that Mr. Grunfeld has aided Mrs. DeFerro in continuing to deprive plaintiff use or the fair value of his property, that Mr. Grunfeld attempted to get plaintiff to sign a consent form, apparently against his wishes,[7] and that Mr. Grunfeld has impeded plaintiff's attempts at discovery. These allegations do not support a claim against Mr. Grunfeld. Plaintiff also claims that Mr. Grunfeld acted "in concert" with Mr. Coco because although letters plaintiff sent to Mr. Coco were allegedly never sent to Mr. Grunfeld, Mr. Grunfeld showed a communication with Mr. Coco on his bill to plaintiff. This allegation lacks the requisite particularity to support a claim against Mr. Grunfeld.

In conclusion, plaintiff's complaint fails to state a claim against any of the moving defendants for lack of particularity.[8]

The motion to compel discovery will be denied as moot.

---

**7.** It is unclear whether plaintiff in fact signed the consent form.

**8.** The affidavit of Mr. O'Connell attached to the judicial defendants' motion to dismiss fills out the narrative to some degree. Mr. O'Connell states that he reviewed plaintiff's submitted documents at Mr. Coco's request; that upon review of the divorce file he concluded that the documents could not be accepted for a number of reasons, including that the "basic relief" sought by plaintiff, *i.e.*, the appointment of a Master, was inappropriate because no grounds for divorce had yet been established, that the documents were technically defective, and that plaintiff sought the appointment of a lay person as his counsel of record, a form of relief the court could not grant. Mr. O'Connell then reviewed the matter with Judge Cipriani, who authorized Mr. O'Connell to send a letter to plaintiff informing him of the court's position in the matter. In his letter to plaintiff dated December 15, also attached to the judicial defendants' motion to dismiss, Mr. O'Connell informed plaintiff that until Mr. Grunfeld had filed a withdrawal of appearance in the case, the court could only "take cognizance of petitions or motions filed by him on your behalf." Mr. O'Connell also told plaintiff that "[t]he documents you have submitted thus far to Mr. Coco are completely irrelevant to the issues in your case and cannot be accepted for filing," and advised him, instead of spending more time on the preparation of unacceptable documents, to consult with Mr. Grunfeld regarding the future prosecution of his case.

I have not taken the statements made in Mr. O'Connell's affidavit or in his December 15 letter into account in rendering my decision on these motions.