**John DeFERRO**

v.

**Ben COCO, et al.**

**Civ. A. No. 89–0787.**

United States District Court,
E.D. Pennsylvania.

Sept. 13, 1989.

See also 714 F.Supp. 139.

**380**

John DeFerro, Voorhees, N.J., pro se.

James J. DeMarco, Philadelphia, Pa., for Lucille DeFerro and James DeMarco.

Howland W. Abramson, Philadelphia, Pa., for Judge Nicholas A. Cipriani, Ben Coco and Dennis O'Connell.

Steven R. Waxman, Philadelphia, Pa., for David I. Grunfeld.

## MEMORANDUM AND ORDER

KATZ, District Judge.

This case comes before me again on the renewed motion to dismiss of the "judicial defendants," the Honorable Edward J. Bradley, the Honorable Nicholas A. Cipriani, Dennis O'Connell and Ben Coco. In the alternative, these defendants have moved for summary judgment. Pro se plaintiff has responded. Because the record is sufficiently developed to treat the motion as one for summary judgment, and for the reasons below, I will grant summary judgment in favor of the movants.

1. Plaintiff makes three more-or-less distinct claims against these defendants: that he has unconstitutionally been denied access to public court records; that he was unconstitutionally denied access to the state court by virtue of the state court's rejection of his motion papers for filing; and that Pennsylvania's divorce laws and their implementation unconstitutionally discriminate against men. *See DeFerro v. Coco*, 709 F.Supp. 643, 644–45 (E.D.Pa. 1989).

2. The factual basis of the claims against Judge Bradley is plaintiff's uncontradicted assertion that Judge Bradley referred to Judge Cipriani plaintiff's request for assistance in "obtaining access to Public Court Records in divorce cases for general information". Complaint, ¶ 23; *see DeFerro v. Coco*, 709 F.Supp. at 645.

3. Judge Bradley is entitled to absolute immunity under the judicial immunity doctrine. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The act complained of was a judicial act, committed within the defendant's judicial jurisdiction.

4. The factual basis of the claims against Judge Cipriani is that he authorized his law clerk, defendant O'Connell, to act in his behalf, in the plaintiff's words, "to deprive rights, to quash papers before they are filed, [and] to prevent access to the courts." Complaint, ¶ 44; *see DeFerro v. Coco*, 709 F.Supp. at 646.

5. According to the complaint and O'Connell's affidavit, the papers submitted by plaintiff for filing were motion papers requesting various kinds of relief, including the appointment of a master. *DeFerro v. Coco*, 709 F.Supp. at 645 n. 6; O'Connell Affidavit at 1–2. These papers were submitted in the beginning of December, 1988.

6. O'Connell's uncontroverted affidavit states that Judge Cipriani reviewed the matter with O'Connell, agreed with O'Connell's assessment that the motion papers should not be accepted for filing, and authorized O'Connell to send a letter to plaintiff on court stationery setting forth the reasons why. *Id.* at 3–4. The letter was sent on December 15, 1988.

7. On this record Judge Cipriani is also entitled to absolute immunity. Even "grave procedural errors"—assuming *arguendo* that the judge was in error—are

insulated by the judicial immunity doctrine. *Jodeco, Inc. v. Hann,* 674 F.Supp. 488, 496 (D.N.J.1987). I find that Judge Cipriani acted in a judicial capacity and within the limits of his jurisdiction.

8. Plaintiff originally submitted his motion papers to defendant Coco, the family court clerk, for filing. Instead of "carrying out his normal job of stamping them filed, returning them and then letting the court decide what to do with them," Coco allegedly directly consulted O'Connell about whether to accept them or not. Complaint, ¶ 39; *see DeFerro v. Coco,* 709 F.Supp. at 645. O'Connell's affidavit confirms that Coco contacted the law clerk "to review the matter in order to ascertain what action, if any, should be taken by the Court." O'Connell Affidavit at 1.

9. Earlier, in October, 1988, plaintiff had contacted Coco by letter, in which he "attempted to ascertain the right for appointment of master for settlement/distribution of property." Complaint, ¶¶ 23, 25; *see DeFerro v. Coco,* 709 F.Supp. at 645. According to the complaint, Coco informed plaintiff that he could not assist him in preparing a motion and that, inasmuch as plaintiff was already represented by counsel, he could not make such a request of the court on his own and that counsel would do this for him. Complaint, ¶ 28; *see DeFerro v. Coco,* 709 F.Supp. at 645. According to the O'Connell affidavit, the docket entries in the case indicated that the action had been nol prossed on motion of plaintiff's attorney of record. Coco later told O'Connell that he, Coco, had informed plaintiff that no master could be appointed for this reason. O'Connell Affidavit at 2. Plaintiff does not claim that he tried to file papers or that Coco refused any at this time, *i.e.,* in October, 1988. In any event, plaintiff did submit the motion papers in December, 1988, as described in paragraphs 5 and 6 above.

■ 10. Coco is also entitled to absolute immunity. His immunity derives from the quasi-judicial immunity doctrine, which extends absolute immunity to "those nonjudicial officials whose activities are integrally related to the judicial process and in-volve the exercise of discretion comparable to that of a judge." *Jodeco, Inc. v. Hann,* 674 F.Supp. 488, 497 (D.N.J.1987). I find that Coco's actions were integrally related to the judicial process and note also that the ultimate decision to reject plaintiff's papers in December, 1988 was not Coco's, but Judge Cipriani's. *See Lockhart v. Hoenstine,* 411 F.2d 455 (3d Cir.), *cert. denied,* 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969) (prothonotary, acting under court directive, entitled to absolute immunity).

■ 11. Finally, O'Connell is also entitled to absolute immunity under the quasi-judicial immunity doctrine, since, according to his uncontroverted affidavit, he acted pursuant to Judge Cipriani's directive and instructions.

12. There is no genuine issue of material fact barring summary judgment.

13. On the basis of the summary judgment record, there is no basis for injunctive or declaratory relief.

14. I have allowed ample time for discovery, but I must deny plaintiff's broad requests as oppressive.

An appropriate order follows.

### ORDER

AND NOW, this 13th day of September, 1989, upon consideration of the Honorable Edward J. Bradley, the Honorable Nicholas A. Cipriani, Dennis O'Connell and Ben Coco's Renewed Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and the plaintiff's response thereto; and upon consideration of the Honorable Edward J. Bradley, the Honorable Nicholas A. Cipriani, Dennis L. O'Connell and Ben Coco's Motion for a Protective Order, the Motion to Quash Subpoenas Directed to Defendants Dennis L. O'Connell, Law Clerk, the Honorable Nicholas A. Cipriani, Ben Coco, Appointment Unit Supervisor and their Attorney, Howland W. Abramson, and plaintiff's response thereto, it is hereby ORDERED as follows:

1. Summary judgment is GRANTED in favor of defendants Bradley, Cipriani, O'Connell and Coco, and against plaintiff.

2. The motion for a protective order is DENIED as moot.

3. The motion to quash is DENIED as moot. In any event, the scope of the subpoenas is overly broad and oppressive.