**Bruce R. AKINS, Sr., and Karen E. Akins, Plaintiffs,**

v.

**DEPTFORD TOWNSHIP, William F. Coughlin, Hope Ficara, Russel Paul, Charles J. Springman, and John McFeeley, 3rd, Defendants.**

Civ. A. No. 92–610 (JEI).

United States District Court, D. New Jersey.

Feb. 10, 1993.

Bruce R. Akins, Sr., pro se.

Karen E. Akins, pro se.

William A. Garrigle, Garrigle and Palm, Cherry Hill, NJ, for defendant Gloucester County Const. Bd. of Appeals.

## OPINION

IRENAS, District Judge:

Presently before the court is the Motion to Dismiss and/or for Summary Judgment by defendant Gloucester County Construction Board of Appeals and its members.[1]

---

1. It is a bit unclear from the papers before the court exactly which individual Board members are implicated in the Amended Complaint, and whether those individuals are represented in the instant motion. The Amended Complaint names as defendants "Gloucester County Construction Board of Appeals and its members," ¶ 10. The allegations against the Board refer to actions of Board "members," but name no specific individuals. Amended Complaint, ¶¶ 41–49. Service of the Amended Complaint was made on the Board and its members through "their legal counsel, Robin G. Marks, Esquire." Aff. of Service, Sept. 29, 1992. The Amended Complaint was not served on the individual Board members.

William Garrigle, the attorney who filed the instant motion, has consistently listed himself as counsel only for the Board. However, his brief does contain arguments for dismissal of the Amended Complaint against the Board members, as well as the Board. Defendant's Brief at 12–16. Plaintiff's responsive brief also made specific arguments against dismissing individual Board members. Plaintiff's Brief at 7–9.

Because issues of individual Board members' liability have been presented to the court, it will consider this motion for summary judgment to be brought on behalf of both the Board and its individual members. The court has also found that, taken as a whole, the documents submitted in connection with this motion do identify the

Defendant has argued that the Construction Board of Appeals is a quasi-judicial agency, and that the acts of the Board and its members are therefore entitled to absolute immunity. For the reasons stated below, defendant's motion will be granted.

## I. BACKGROUND

Plaintiffs Bruce and Karen Akins filed the instant suit on February 7, 1992, alleging that certain state government officials had acted unlawfully in denying them construction permits and certificates of occupancy. The complaint contained both federal claims under 42 U.S.C. § 1983 and pendant state claims.

On July 6, 1992, plaintiffs filed an amended complaint, which added as a defendant the Gloucester County Construction Board of Appeals (the "Board") and its members. The Board is the agency that hears appeals from decisions of county construction officials.[2] The amended complaint specifically alleged that the Board had conspired with defendant William F. Coughlin, Deptford County Construction Official, "to not file, process or otherwise perfect plaintiffs' appeal, thus allowing defendant Mr. Coughlin to file municipal court charges against plaintiffs." Amended Complaint, ¶ 43; see also Plaintiffs' Brief at 6.[3] The parties do not dispute that under New Jersey law, if an appeal had been pending before the Board, it would have been a procedural bar to filing of the municipal court charges.

The papers provided to the court reveal the following sequence of events. On July 15, 1991, plaintiffs submitted to the Gloucester County Construction Board of Appeals a document captioned "Notice of Appeal from Construction Official's Notice & Order of Penalty." Campbell Aff., ¶ 3 & Exhibit A. Maryfrances Campbell, the Board's Secretary, did not file or process the appeal at that time. Instead, she called Mr. Akins to inform him that he had to resubmit his appeal on a standard application form, which she would mail to him. See Campbell Aff., ¶ 5.[4]

Had plaintiffs' appeal been processed when filed, it should have been heard at the Board meeting on August 13, 1991. Campbell Aff., ¶ 5. As the meeting date approached, Campbell contacted Akins again about the appeal. Id. at ¶ 5. On or about August 13, Campbell asked Vito Sabetta, Board Chairman, what to do about Akins' appeal, and was essentially told that she had done all she had to do. See Transcript, State of New Jersey v. Akins, No. A–79–91 (N.J.Super.Ct. Law Div., March 13, 1992), [hereinafter "Superior Court Transcript"] at 10, 13–14. Ultimately, the appeal was neither listed nor heard at the August 13 Board meeting. Campbell Aff., ¶ 6; Superior Court Transcript at 11–12.[5]

At an earlier state court proceeding related to this matter, Campbell had been questioned as to why she did not process the Notice of Appeal filed on July 15. She testified that "State regulations" required that the appeal be on the standard form, Superior Court Transcript at 8, that she couldn't have scheduled the appeal as filed without getting in trouble, id. at 10, and that "the UCC book [and] Vito Sabetta, my boss" told her to proceed as she did, id. at 22.

specific Board members whose actions are at issue.

2. Under New Jersey law, a construction official is appointed by a municipality to be the chief administrator of the municipality's "enforcing agency," which is the agency responsible for ensuring compliance with the construction code. N.J.S.A. § 52:27D–126.

3. The court finds that plaintiffs are not challenging any property deprivation that may have resulted from the Board's actions. Accordingly, the court will not consider whether the Board's action is "final" for purposes of a § 1983 suit. See Taylor Investment, Ltd. v. Upper Darby Township, 983 F.2d 1285 (3d Cir.1993) (discussing finality requirement).

4. In their brief, plaintiffs assert that "The board never notified plaintiffs that it was not perfecting their appeal and it never returned any papers of any kind to them." Plaintiffs' Brief at 3. Plaintiffs provide no support for this allegation, by affidavit or otherwise.

5. As of December 7, 1992, the appeal still had not been listed for a hearing before the Board. Campbell Aff., ¶ 10.

On October 28, 1991, defendant Coughlin issued a summons for Bruce and Karen Akins for construction violations. Complaint, Exhibits 2 and 3. At some time before issuing the summons, Coughlin had contacted Board Chairman Sabetta. Coughlin has stated that during this conversation, Sabetta informed Coughlin that the Akins's appeal had been returned for improper filing, and that plaintiffs had not yet refiled their appeal. Coughlin Answers to Interrogatories, at Defendant's Reply Brief Exhibit A. Plaintiffs argue that this conversation actually occurred prior to the August 13 Board meeting, and that during the conversation Coughlin had requested that the Akins appeal not be processed. Plaintiffs' Brief at 3.

On November 6, 1991, plaintiffs were found guilty of the construction-related offenses cited in the October 28 summons. Transcript, *State of New Jersey v. Akins* (Deptford Twp. Municipal Court, November 6, 1991), at 49. The Akins appealed their convictions, and succeeded in having them overturned. *See* Order of New Jersey Superior Court Judge John E. Wallace, March 31, 1992 (attached as Exhibit 5 to Amended Complaint).

In overturning the convictions, the Superior Court held that the Board had acted improperly in not processing the appeal filed by Akins on July 15, and that the Board appeal had been perfected at that time and was still perfected. Superior Court Transcript, at 36. The court below therefore had not had jurisdiction over the case due to the pending appeal. *Id.*

## II. STANDARD FOR SUMMARY JUDGMENT

The standard for granting a motion for summary judgment under Fed.R.Civ.P. Rule 56 is demanding and stringent. *Wilson v. Sullivan*, 709 F.Supp. 1351 (D.N.J. 1989). Under Fed.R.Civ.P. Rule 56(c), "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judg-

ment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

At the summary judgment stage, it is not the role of the judge to weigh the evidence or to evaluate its credibility, but to determine "whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party such that a reasonable jury could return a verdict for that party. *Id.* Although the moving party bears the initial burden of informing the district court of the basis for its motion, there is no requirement in the Rule that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552.

The Supreme Court has stated that "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (citation omitted) (internal quotations omitted). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted).

Furthermore, "if the factual context renders [a] claim implausible ... [the nonmoving party] must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

The substantive law governing the dispute will determine which facts are material, and only disputes over those facts "that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Finally, summary judgment should be granted unless a dispute over a material fact is genuine, which the Court has de-

fined as such that "a reasonable jury could return a verdict for the nonmoving party." *Id.*

## III. *DISCUSSION*

■ Although plaintiffs have named the Board itself as a defendant, they have not alleged any facts that would support a § 1983 claim against the Board. A local government agency is only liable under § 1983 "when execution of a government's policy or custom ... inflicts the injury." *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). Not only does the amended complaint not identify any unconstitutional policy or custom, but the alleged acts of conspiracy seem clearly not part of any such policy. Amended Complaint, ¶ 49. Accordingly, the court finds that plaintiffs have failed to state a § 1983 claim against the Board as an entity, and will dismiss all claims against the Board itself.

■ Defendant has asserted that plaintiffs' claims against the individual Board members are barred by either absolute or qualified immunity doctrines. Defendant's Brief at 12–15. Absolute judicial immunity generally bars civil suits for money damages against judicial officials for alleged constitutional violations. *See Butz v. Economou,* 438 U.S. 478, 508–09, 98 S.Ct. 2894, 2911–12, 57 L.Ed.2d 895 (1978).

■ In *Butz,* the Supreme Court explained that absolute immunity is granted "not because of [an official's] particular location within the Government, but because of the special nature of their responsibilities." *Id.* at 511, 98 S.Ct. at 2913. In that case, the Court found that adjudication in federal administrative agencies "shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages." *Id.* at 512–13, 98 S.Ct. at 2913–14.

The court finds that the Board is a quasi-judicial agency whose functions are similarly protected by absolute immunity. Members of the Board must be qualified by experience or training, and are appointed by the county appointing authority.

N.J.S.A. § 52:27D–127(a). Pursuant to regulations, all board hearings are recorded and are open to the public. N.J.A.C. § 5:23–2.36(a) & (b). The appellant may be represented by counsel, and both parties "shall be granted an opportunity to address the board, present testimony, examine and cross-examine witnesses consistent with reasonable rules of procedure and due process." N.J.A.C. § 5:23–2.36(c). After the Board hears the appeal, it must file its decision with a statement of its reasons. N.J.A.C. § 5:23–2.37(a)(1).

New Jersey courts have also considered the Board to be a quasi-judicial agency. *See In re "Analysis of Walsh Trucking Occupancy and Sprinkler System,"* 215 N.J. Super 222, 521 A.2d 883, 888 (App.Div. 1987) (Board hearing must "conform[ ] with the procedural requirements which govern quasi-judicial proceedings); *cf. D.I.A.L. v. Clifton Construction Board of Appeals,* 218 N.J.Super. 74, 526 A.2d 1125, 1133 (App.Div.1987) (lack of detailed findings by Board would be grounds for remand), *certif. denied,* 113 N.J. 335, 550 A.2d 451 (1988). This court therefore finds the Board to be a quasi-judicial agency pursuant to the reasoning in *Butz,* 438 U.S. at 513–14, 98 S.Ct. at 2914–15.

Absolute judicial immunity "has been extended to protect those nonjudicial officials whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge." *Jodeco, Inc. v. Hann,* 674 F.Supp. 488, 497 (D.N.J.1987) (citations omitted). Such immunity adheres unless the judicial officer acted "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman,* 435 U.S. 349, 357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978) (citation omitted).

Court clerks performing ministerial duties have been held to be protected by absolute immunity. In *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988), plaintiffs alleged that Bankruptcy Court clerks accepted and filed an incomplete bankruptcy petition, and later refused to

accept an amended petition. *Id.* at 1390. The court found that "commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process," and that the clerks had general subject matter jurisdiction in this area. The court concluded that the clerks had absolute quasi-judicial immunity from civil liability deriving from those actions. *Id.*

Other courts have similarly held that court clerks are entitled to absolute quasi-judicial immunity for ministerial acts. *See Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir.1979) (court clerk who allegedly failed to send notice of order entitled to absolute quasi-judicial immunity), *cert. denied*, 445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980); *Smith v. Rosenbaum*, 460 F.2d 1019 (3d Cir.1972) (clerk immune from liability for accepting document revoking bail); *DeFerro v. Coco*, 719 F.Supp. 379, 381 (E.D.Pa.1989) (clerk immune from liability for alleged failure to file motion papers).

The court finds that the actions of Ms. Campbell at issue in this case were the functional equivalent of the actions of a court clerk. She was the appointed individual responsible for the ministerial act of filing appeals to the Board. Campbell Aff., ¶¶ 1, 2. Her action in refusing to file what she apparently believed to be an improper form of appeal, as in the cases cited above, was not performed "in the clear absence of all jurisdiction." Accordingly, Ms. Campbell is entitled to absolute quasi-judicial immunity for her failure to process plaintiffs' appeal to the Board.

To the extent that Mr. Sabetta, Chairman of the Board, was responsible for this action, he is similarly entitled to absolute immunity. As a member of the Board, Mr. Sabetta was a quasi-judicial official. In determining that an appeal was improperly filed, he would not have been acting in the clear absence of all jurisdiction.[6]

■ In the alternative, the court finds that defendants are entitled to summary judgment on plaintiffs' due process claims based on the availability of state post-deprivation remedies.

Plaintiffs claim that a due process deprivation was caused by "the unauthorized failure of agents of the State to follow established state procedure," *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981), and not by the state procedure itself. The complaint alleges that the Board deliberately decided not to file plaintiffs' appeal, contrary to state law. Amended Complaint, ¶ 43, 46.

These types of errors by administrative officials "do not create a federal claim so long as correction is available by the state's judiciary." *Cohen v. City of Philadelphia*, 736 F.2d 81, 86 (3d Cir.1984) (citing *Parratt v. Taylor*), *cert. denied*, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). In the instant case, plaintiffs could have appealed the Board's failure to process their appeal ten days after submission of the appeal. The statute provides that "[f]ailure by the board to hear an appeal and render and file a decision thereon within the time limits prescribed by this subsection shall be deemed a denial of the appeal for purposes of a complaint, application or appeal to a court of competent jurisdiction." N.J.S.A. § 52:27D–127.

Had plaintiffs availed themselves of this state remedy, they would not have been subject to the municipal court action. Also, as discussed above, plaintiffs did take advantage of state remedies after their conviction, and succeeded in getting the conviction overturned.

The court finds that adequate post-deprivation remedies were available to correct any unlawful action by the Board. Therefore, even assuming that plaintiffs were deprived of a protected interest, and that the allegations of conspiracy are true, plaintiffs cannot prevail on a claim under § 1983 for denial of due process.

■ Plaintiffs have also failed to allege any facts that would support a claim for denial of equal protection. *See* Amended

---

6. Based on the facts and allegations before it, the court has not found any indication that any Board members other than Campbell and Sabetta were involved in the decision not to file the Akins appeal.

Complaint, ¶ 49. In particular, plaintiffs have failed to allege any facts indicating that similarly situated parties were treated differently. *See Kuhar v. Greensburg–Salem School Dist.*, 616 F.2d 676, 677 n. 1 (3d Cir.1980) ("An equal protection claim arises when an individual contends that he is receiving different treatment from that received by other individuals similarly situated.") Accordingly, this aspect of the claim should also be dismissed.

The court will enter an appropriate order.