Donald Edward ALLEN, Anne Mary Allen, Dawn Anne Allen, Raymond Edward Allen

v.

Joseph W. DORSEY, Individually and in his official capacity as Clerk of Court for the Thirty-second Judicial District, Mary Osswald, Individually and in her official capacity as Agent for Joseph W. Dorsey, John Doe, Individually and in his official capacity, Mary Poe, Individually and in her official capacity.

Civ. A. No. 75–1505.

United States District Court,
E. D. Pennsylvania.

Sept. 18, 1978.

Frances Estabrook Dalton, Philadelphia, Pa., for plaintiff.

G. Guy Smith, Media, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiff Donald Edward Allen ("Allen") brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendants, while acting under color of state law, deprived him of his Fourteenth Amendment right to due process of law by failing to properly docket and file, pursuant to the Pennsylvania Post Conviction Hearing Act ("PCHA"), 19 Pa.C.S. § 1180-1 et seq., Allen's petitions for habeas corpus. The named defendants in this action are Joseph W. Dorsey ("Dorsey"), individually and in his official capacity as Clerk of the Court of Common Pleas of Delaware County, and Mary Osswald ("Osswald"), individually and in her official capacity as mailroom clerk in the Court of Common Pleas of Delaware County. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331, 1343 and pendent jurisdiction, and the amount in controversy is alleged to exceed $10,000, exclusive of interest and costs. Presently before the Court are the cross-motions of plaintiffs and defendants for summary judgment, pursuant to Fed.R.Civ.P. 56. For the reasons stated below, plaintiffs' motions will be denied and defendants' motions will be granted.

The pleadings, affidavits and briefs in support of the motions for summary judgment demonstrate that the pertinent facts underlying Allen's civil rights claim are not in dispute: On January 29, 1974, while serving a 20-year federal sentence[1] in Lewisburg Federal Penitentiary, Allen mailed to Dorsey a petition for habeas corpus ("January petition"), challenging a 1958 juvenile conviction in state court for burglary and larceny on the ground that his Sixth Amendment right to counsel had been violated. Osswald received the January petition on January 31, 1974, and pursuant to Local Rule 301[2] delivered the petition to the Office of the Prothonotary ("Prothonotary") for filing. The Prothonotary assigned the January petition the docket number "1180 of 1974," and transmitted the petition to then-Administrative Judge, the Honorable Francis J. Catania.

On or about February 1, 1974, Allen mailed to Dorsey a second petition for habeas corpus ("February petition"), challenging an allegedly illegal detainer lodged against Allen by the Delaware County Sheriff's Office. Osswald received the February petition on February 5, 1974, and pursuant to Local Rule 301 delivered it to the Prothonotary for filing. The Prothonotary assigned the February petition the same docket number as Allen's January petition, "1180 of 1974," and transmitted the February petition to Administrative Judge Catania. By order dated February 7, 1974, Judge Catania denied Allen's January petition, but he relied only on the grounds advanced by Allen in the second petition filed in February to the effect that the state detainer lodged against Allen was valid and proper. Judge Catania issued another order on March 23, 1974, dismissing the February petition. Here, too, he ruled on the grounds concerning the state detainer and not on the grounds concerning the juvenile record.[3] On March 23, 1974, the same day as Judge Catania's second order, the Pro-

---

1. On October 22, 1971, Allen was sentenced to Delaware County Prison for a period of 11 to 23 months for state law crimes. *Commonwealth of Pennsylvania v. Allen*, C.P.Del.Co., Crim. No. 1002 etc., March Sessions, 1970. After serving eight months of this sentence, Allen was tried and convicted in federal district court for bank robbery and on July 31, 1972, was sentenced to Lewisburg Federal Penitentiary for a 20-year term of imprisonment. *United States v. Allen*, Crim. No. 71-589 (E.D.Pa. 1972).

2. At the time Allen filed his petitions for habeas corpus, Rule 301 of the Local Rules of the Court of Common Pleas for Delaware County required every petition for a writ of habeas corpus to be filed with the Prothonotary, and not with the Clerk of the Court.

3. Each of Judge Catania's orders was filed under the docket number for Allen's earlier criminal proceeding in Delaware County, *Commonwealth of Pennsylvania v. Allen*, C.P.Del.Co., Crim. No. 1002 etc., March Sessions, 1970, and not under the civil docket number "1180 of 1974" assigned to Allen's habeas corpus petitions by the Prothonotary.

thonotary redocketed Allen's January petition (presumably because the January petition grounds had not been fully disposed of), again using the docket number "1180 of 1974." On March 24, 1975, the Honorable Robert A. Wright of the Delaware County Court of Common Pleas granted Allen's January petition and ordered the expungement of all criminal records in the 1958 juvenile proceedings brought against Allen.[4]

During the time period between the January filing and the May redocketing of the January petition by the Prothonotary, Allen wrote four letters to the Clerk of the Court[5] in which he explained that the prompt disposition of his petitions in state court was essential to the disposition of Allen's pending Fed.R.Crim.P. 35 motion for correction of his 20-year sentence in federal court. By order dated May 17, 1974, United States District Court Judge Clarence C. Newcomer denied Allen's Fed. R.Crim.P. 35 motion for correction of sentence on the ground that the 20-year sentence imposed for bank robbery was appropriate in light of Allen's prior criminal record, which included Allen's 1958 juvenile conviction.[6] However, after Judge Wright granted Allen's January petition for habeas corpus in March of 1975, Allen again moved for a correction of his federal sentence, pursuant to both Fed.R.Crim.P. 35 and 28 U.S.C. § 2255, in light of Judge Wright's holding that Allen's 1958 juvenile conviction in state court was obtained in violation of Allen's constitutional right to counsel. By order dated July 11, 1975, Judge Newcomer granted Allen's motion for reconsideration and, on the basis of an updated presentence report which did not contain the unconstitutional juvenile conviction, vacated Allen's 20-year sentence and resentenced him to a term of imprisonment of ten years.[7] On October 8, 1975, Allen was released on parole from Lewisburg Federal Penitentiary.

The thrust of Allen's complaint is that the defendants' actions in delivering his petitions for habeas corpus to the Prothonotary, instead of docketing them as PCHA petitions in the office of the Clerk of the Court, delayed the disposition of the petitions and ultimately caused Allen's allegedly false imprisonment in Lewisburg Federal Penitentiary for eight months beyond the time when he allegedly would have been eligible for parole. Specifically, Allen alleges that, if the disposition of his petitions in state court had not delayed the granting of his motion for reconsideration of sentence in federal court, he would have been eligible for parole, under the new sentence imposed by Judge Newcomer, as early as February 15, 1975. Allen's wife and children, the other plaintiffs in this case, allege that they were denied the aid, support and protection which Allen could have provided as husband and father during the period of Allen's allegedly wrongful imprisonment; namely, the term of imprisonment between February 15 and October 8, 1975.

To prevail upon a motion for summary judgment, the movant must conclusively demonstrate that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Fed.R.Civ.P. 56(c). In this case, on the basis of the undisputed facts in the pleadings, admissions and affidavits, we find that the parties have conclusively demonstrated that there is no genuine issue of material fact which must be preserved for trial. The issue, therefore, is whether either movant is

---

4. *See Commonwealth of Pennsylvania v. Allen*, C.P.Del.Co.—Juvenile Div.: No. 188 and 189, June Sessions, 1958; No. 616, June Sessions, 1958; and, No. 481, September Sessions, 1958.

5. Allen's letters to the Clerk's Office were mailed on or about February 20, March 10, April 6 and April 30, 1974. Allen received no response to any of these letters.

6. *United States v. Allen*, Crim. No. 71–589 (E.D.Pa., May 17, 1974).

7. Judge Newcomer's order also provided that Allen be eligible for parole under 18 U.S.C. § 4208(a)(1) after having served a term of three years of imprisonment, thus making Allen eligible for parole on July 31, 1975. *See* n.1 *supra; United States v. Allen*, Crim. No. 71–589 (July 11, 1975).

entitled to a judgment in his favor as a matter of law. The resolution of this issue depends upon a determination of the question of whether the defendants, while acting under color of state law, violated Allen's civil and constitutional rights by transmitting, without docketing, Allen's two petitions for habeas corpus to the Prothonotary. To resolve this question, we must analyze the extent to which each of the named defendants is immune from liability for damages resulting from the failure to docket Allen's habeas corpus petitions.

42 U.S.C. § 1983 provides that "every person" who acts under color of state law to deprive another person of a constitutional right shall be liable to that person in a suit for damages. However, it is well settled that § 1983 must be read in harmony with the general common law principles of tort immunities and defenses. *Imbler v. Pachtman*, 424 U.S. 409, 418, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), *citing Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). Thus, under § 1983, two general levels of immunity are recognized: absolute immunity for judges for acts committed within their discretion, and qualified immunity for governmental officials for acts undertaken in good faith and without malice in the performance of their duties. *See Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 43 L.Ed.2d 214 (1974); and, *Scheuer v. Rhodes*, 416 U.S. 232, 247–248, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The doctrine of absolute immunity for judges has been extended by the Supreme Court to provide absolute immunity to those "quasi-judicial" officials, such as prosecutors, who exercise discretion in the performance of their duties. *See, e. g., Imbler v. Pachtman, supra*, 424 U.S. at 431, 96 S.Ct. 984; *Brawer v. Horowitz*, 535 F.2d 830, 834 (3d Cir. 1976). However, absolute "quasi-judicial" immunity has been limited by the Third Circuit to extend only to those "quasi-judicial" officials performing adjudicatory or otherwise judgmental functions. *Skehan v. Board of Trustees of Bloomsburg State College*, 538 F.2d 53, 59–61 (3rd Cir.) (en banc), *cert. denied*, 429 U.S. 979, 97 S.Ct. 490, 50 L.Ed.2d 588 (1976).

The Clerk of the Court and his agents exercise no discretion in the performance of their duties similar to the discretion exercised by judges or "quasi-judicial" officials. Although the Clerk of the Court and his agents have important duties in the judicial process, their duties, such as docketing and filing papers with the court, are ministerial and mandatory acts which do not merit insulation from liability for damages by a grant of absolute "quasi-judicial" immunity. We hold, therefore, that the defendants in this case cannot be characterized as "quasi-judicial" officials and, thus, are not entitled to absolute "quasi-judicial" immunity from liability under 42 U.S.C. § 1983 for the allegedly improper performance of their ministerial duties. *McCray v. Maryland*, 456 F.2d 1, 4 (4th Cir. 1972); *Raitport v. Provident National Bank*, 451 F.Supp. 522, 535–538 (E.D.Pa. 1978).

However, qualified immunity from liability for damages in suits brought under 42 U.S.C. § 1983 may be available for a government official acting in good faith pursuant to the lawful authority vested in him by the state. This qualified immunity from liability for damages is available where the official: (1) did not know or reasonably should not have known that the action he took within his sphere of official responsibility would violate the constitutional rights of another person; or, (2) acted without malicious intention to cause a deprivation of constitutional rights or other injury to the person. *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 43 L.Ed.2d 214 (1974); *Scheuer v. Rhodes*, 416 U.S. 232, 247–248, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In the instant case, Allen argues first that the defendants are not entitled to qualified immunity because they knew or reasonably should have known that Allen's petitions were filed pursuant to the PCHA because the face of his January petition indicated that Allen was seeking post-conviction relief from his allegedly unconstitutional juvenile conviction in state court and because

the PCHA encompasses all common law and statutory procedures, including habeas corpus, available to secure post-conviction relief. Further, Allen argues that the defendants knew or reasonably should have known that the transmittal, without docketing, of Allen's petitions to the Prothonotary was contrary to Section 6 of the PCHA,[8] which requires the Clerk of the Court, and not the Prothonotary, to immediately docket all PCHA petitions for post-conviction relief. In response, the defendants argue that they did not know, nor reasonably should have known, that Allen's petitions for habeas corpus were filed pursuant to the PCHA because his petitions were unidentifiable as PCHA petitions. Specifically, Dorsey and Osswald contend that Allen did not comply with Section 5(a) of the PCHA[9] and Pa.R.Crim.P. 1501, the statutes which govern the form of all PCHA petitions, because Allen's petitions failed to include the following: a plain statement on its face that the petition was a "post conviction hearing act petition"; identification of all previous proceedings in which Allen attempted to secure relief from his conviction or sentence; affidavits, records and other supporting evidence; a statement of other available grounds of relief for Allen; or, a separation of all facts within the personal knowledge of Allen from other allegations of fact. The defendants also state that Allen's petitions improperly included argument, citations and discussion of authorities in support of his habeas corpus petitions. Upon review of Allen's January and February petitions for habeas corpus, we find that Allen failed to comply with the mandatory requirements of both Section 5(a) of the PCHA, 19 Pa.C.S. § 1180–5(a), and Pa. R.Crim.P. 1501; that Allen's petitions for habeas corpus were unidentifiable as PCHA petitions; and, that the defendants did not know, and reasonably could not have known, that Allen's petitions were sent to the office of the Clerk of the Court pursuant to the PCHA.

Allen argues, second, that the defendants are not entitled to qualified immunity because the transmittal of his petitions to the Prothonotary was "patently unreasonable" because the defendants should have known that then-Local Rule 301, which required every petition for a writ of habeas corpus to be filed with the Prothonotary, was in direct contradiction to Section 6 of the PCHA. Dorsey and Osswald respond that they acted without malicious intention to deprive Allen of his constitutional rights because they had no discretion to disobey the order and mandate of the Delaware County Court of Common Pleas. We find that the ministerial nature of the defendants' jobs required obedience to all judicial orders or directions, including Rule 301 of the Local Rules of Court, and that the

---

8. Section 6 of the PCHA, 19 Pa.C.S. § 1180–6 provides, in pertinent part:

Upon receipt of a petition seeking relief under this act, the clerk of the court in which the indictment upon which sentence was imposed shall immediately docket the petition to the same term and number as the original proceedings, and promptly notify the court and serve a copy upon the district attorney.

9. Section 5(a) of the PCHA, 19 Pa.C.S. § 1180–5(a), requires that each PCHA petition shall be in the following form:

(1) The petition must state that it is a post conviction procedure act petition and must include the name of the petitioner, his place of confinement, an identification of the proceedings in which the petitioner was convicted and the place of conviction, the date of the entry of judgment, the sentence imposed, all facts in support of the alleged error on which the petition is based, the relief desired, and an identification of all previous proceedings that the petitioner has taken to secure relief from his conviction or sentence.

(2) The petition must either include affidavits, records, and other supporting evidence, or state why they are not included.

(3) The petition shall not include argument or citation and discussion of authorities.

(4) All facts within the personal knowledge of the petitioner must be set forth separately from other allegations of fact.

(b) Any person desiring to obtain relief under this act shall set forth all of his then available grounds for such relief for any particular sentence he is currently serving in such petition and he shall be entitled to only one petition for each such crime. The failure to raise any such issue in such petition shall be deemed a waiver of any right to future presentation of another petition containing grounds for relief that were available and could have been presented.

defendants acted in good faith and without malice by transmitting Allen's petitions for habeas corpus to the Prothonotary, pursuant to then-Local Rule of Court 301.

In conclusion, having found that the defendants did not know or reasonably could not have known that Allen's petitions for habeas corpus were mailed to the Clerk of the Court for filing pursuant to the PCHA, and having found that the subsequent transmittal of the petitions to the Prothonotary was in good faith and without malicious intention, we hold that the defendants in this case are entitled to qualified immunity from liability for damages. Accordingly, we hold that the defendants are entitled to judgment in their favor as a matter of law, and that the plaintiffs are not entitled to a judgment in their favor as a matter of law because the defendants, while acting under color of state law, are entitled under the circumstances of this case to qualified immunity from liability for damages resulting from the alleged deprivation of Allen's civil and constitutional rights. We will, therefore, grant defendants' and deny plaintiffs' respective motions for summary judgment, pursuant to Fed.R.Civ.P. 56.

An appropriate Order will be entered.