**Anthony J. MCKNIGHT, Plaintiff,**

v.

**Mary Lou BAKER, et al., Defendants.**

**No. CIV.A. 03–952.**

United States District Court,
E.D. Pennsylvania.

Feb. 17, 2006.

Anthony J. McKnight, pro se.

Christopher Eric Ballod, White and Williams LLP, Philadelphia, PA, for Defendants.

Miles H. Shore, School District of Phila, Office of General Counsel, Jane Leslie Dalton, Duane Morris LLP, Philadelphia, PA, Peter D. Han, Jenkintown, PA, for Respondents.

Lynne A. Sitarski, City of Phila Law Dept. Deputy City Solicitor, Joni Berner, Berner & Klaw, Philadelphia, PA, for Defendants and Respondents.

### MEMORANDUM

ROBRENO, District Judge.

Before the Court is defendants Mary Lou Baker[1] and Mark Alleva's[2] ("defen-

dants") motion for summary judgment. For the reasons that follow, defendants' motion will be granted.

## I. BACKGROUND

### A. *Factual Allegations*

A brief recitation of the facts follows. A more detailed description can be found in the Court's prior opinion, *McKnight v. Baker*, 343 F.Supp.2d 422 (E.D.Pa.2004).

This case arises out of a dispute between plaintiff and Dawn Middleton ("Middleton") concerning custody and visitation rights of their daughter, Elana. The dispute has been in litigation in state court for a number of years. At one point, upon agreement of the parties, Middleton was given primary physical custody of Elana, at least on a temporary basis. Plaintiff's visitation rights were subsequently suspended when he was held in contempt of court for failing to take a court-ordered drug test.

Plaintiff's claims center on the state court's handling of the proceedings. Plaintiff contends that the Family Court's order suspending his rights to visitation with Elena is part of a pattern of mistreatment intended to terminate his parental rights. In addition, according to plaintiff, this pattern culminated shortly after September 27, 2002, when the Family Court failed to process his ex parte petition which he filed by mail. Plaintiff's core legal claims allege that defendants have (1) conspired to deny him access to Family Court, (2) conspired to interfere with his parental rights, (3) discriminated against him because he is African–American and

---

**1.** During all relevant times, Ms. Baker was the Director of Operations and Case Processing for the Family Court of Philadelphia.

**2.** During all relevant times, Mr. Alleva was Clerk of the Family Court of Philadelphia.

male, and (4) retaliated against him for asserting his constitutional rights.

### B. *Motion for Summary Judgment*

Defendants Alleva and Baker originally filed their motion for summary judgment on March 15, 2004 (doc. no. 8). Defendants contended that plaintiff's claims should be dismissed under the *Rooker–Feldman* doctrine and that there was no genuine issue of material fact.

On November 4, 2004 the Court granted defendants' motion in part and denied it in part. *McKnight,* 343 F.Supp.2d 422. The motion was "granted as to all claims ... implicating the litiga-tion leading up to and including the Family Court's custody orders." *Id.* at 424 n. 5.[3] The motion was denied without prejudice "to the extent that [the motion] ad-dress[es] McKnight's claims as they per-tain to the Family Court's alleged failure to process his petition for visitation," *Id.* at 424 n. 5. Additionally, the Court denied the motion for summary judgment with re-spect to plaintiff's claims of conspiracy "to the extent ... these claims pertain to the Family Court's alleged failure to process McKnight's September 27, 2002 petition." *Id.* at 428 n. 10.

The Court afforded plaintiff the opportu-nity to depose defendants "limited to the circumstances surrounding whether the

**3.** The Court granted in part defendants' mo-tion for summary judgment for lack of sub-ject-matter jurisdiction under the *Rooker–Feldman* doctrine, under the then-Third Cir-cuit jurisprudence. The Court notes that since the Opinion was issued, the Supreme Court has restricted the applicability of the *Rooker–Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). In *Exxon Mobil,* the Supreme Court held that a district court is not necessarily precluded from "exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 1527. Rather, "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclu-sion that a state court has reached in a case to which he was a party ..., then there is juris-diction and state law determines whether the defendant prevails under principles of preclu-sion.' " *Id.* (quoting *GASH Assocs. v. Village of Rosemont,* 995 F.2d 726, 728 (7th Cir. 1993)).

The ruling in *Exxon Mobil,* while changing the Court's legal basis for dismissal of plain-tiff's claims, does not change the result. Plaintiff's claims are barred under the doc-trine of claim preclusion. "Claim preclusion prevents a party from prevailing on issues he might have but did not assert in the first action." *Gregory v. Chehi,* 843 F.2d 111, 116 (3d Cir.1988) (discussing elements of claim preclusion under Pennsylvania law). The es-sential question in this case is whether the "underlying events" or "transaction" giving rise to first action are again raised by the litigant in the subsequent action. *See id.* at 117 (quoting Restatement (Second) of Judg-ments § 24(1) cmt. C (1982)) ("[W]here one act causes a number of harms to, or invades a number of different interests of the same per-son, there is still but one transaction; a judg-ment based on the act usually prevents the person from maintaining another action for any of the harms not sued for in the first action."); *see also United States v. Athlone Indus., Inc.,* 746 F.2d 977, 983 (3d Cir.1984) (quoting *Davis v. U.S. Steel Supply, Div. of U.S. Steel Corp.,* 688 F.2d 166, 171 (3d Cir. 1982)) ("Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the vari-ous legal claims.")

In the instant case, plaintiff litigated in Family Court his custody and visitation rights. The Family Court awarded custody of his daughter to Middleton and suspended plain-tiff's visitation rights. Plaintiff then brought this action in federal court essentially object-ing to these determinations, yet "crafted some of his claims as being grounded in the Consti-tution or federal statute." *McKnight,* 343 F.Supp.2d at 426. The gravamen of plain-tiff's federal complaint is that he was unlaw-fully denied his right to visitation, which arise from the same "underlying event" or "trans-action" of the Family Court litigation. Ac-cordingly, under the doctrine of claim preclu-sion, these federal claims are barred.

plaintiff filed or attempted to file the September 27, 2002 petition, and what knowledge [the defendants] ha[ve], if any, of these circumstances." *Id.* at 428. The Court instructed defendants to "reassert their motion for summary judgment, if warranted, based upon a more complete record," upon completion of the deposition. *Id.*

On July 26, 2005 plaintiff conducted the deposition of defendants Baker and Alleva. On August 17, 2005 defendants timely filed the instant motion for summary judgment (doc. no. 136). The Court instructed plaintiff that he may reinstate his answer to the previously-filed motion for summary judgment. The Court also gave plaintiff the opportunity to file a supplemental response by September 19, 2005 (doc. no. 134). Defendant chose not to do so.[4]

## II. DISCUSSION

### A. *Legal Standard*

A court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor

of the non-moving party regarding the existence of that fact. *Id.* at 248–49, 106 S.Ct. 2505. In determining whether any genuine issues of material fact exist, all inferences must be drawn, and all doubts must be resolved, in favor of the non-moving party. *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 264 F.3d 302, 305–06 (3d Cir.2001).

### B. *Lack of Personal Involvement*

It is well-settled that to be found liable for a civil rights violation, "[an individual government] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir.2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988)); *see also Rizzo v. Goode*, 423 U.S. 362, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976) (rejecting *respondeat superior* liability under § 1983). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho*, 423 F.3d at 353. Such allegations must be made with "appropriate particularity." *Rode*, 845 F.2d at 1207.

In the instant case, plaintiff alleges that defendants refused to process his petition for visitation. (Compl.¶ 12.) He asserts that Ms. Baker "is the state court official responsible for processing [his] complaint seeking visitation." (*Id.* at ¶ 2.) He further alleges in his first amended complaint that his petition "has not been processed

---

**4.** Plaintiff failed to reinstate his answer to the original motion for summary judgment. The Court, nevertheless, will consider the response presented to the Court in his previously-filed brief (doc. no. 97). Additionally, plaintiff did not file a supplemental response. Instead, plaintiff filed another motion for continuance to conduct discovery from defendants Baker and Alleva (doc. no. 137). Plain-

tiff's current request for discovery is nearly identical to the previously-filed motion (doc. no. 89), which was already adjudicated by this Court (doc. nos. 103 & 119). Thus, plaintiff's pending motion for continuance to conduct discovery will be denied and the Court will proceed in deciding the motion for summary judgment based on the papers that have been submitted.

by" Ms. Baker and Mr. Alleva. (Am. Compl. ¶ 105.)

However, in more than three years of litigation, beginning with the filing of his first complaint on February 20, 2003, even assuming that plaintiff properly mailed the petition to the Family Court,[5] plaintiff has been unable to establish any facts evidencing defendants' "personal involvement" in the handling of his alleged petition for visitation.

Most recently, on July 26, 2005, plaintiff was afforded the opportunity to depose Mr. Alleva and Ms. Baker. Mr. Alleva testified that he is not personally responsible for docketing or filing the custody and visitation petitions. (Def.'s Dep., 61:23–63:16.) Rather, there are approximately fifteen clerks responsible for processing the petitions, whom he supervises. (*Id.* at 63:13–16, 65:4–8.) Mr. Alleva testified that he only deals with the individual petitions if there is a defect in the petition, but with respect to plaintiff's petition (assuming that the petition was actually mailed and received), he was not contacted by any of the clerks that he supervises. (*Id.* at 65:9–65:20.) He stated that he would have remembered if he was approached regarding plaintiff's petition as there would have been a notation on the "correction sheet," which describes the deficiencies in a petition before it is sent back to the filer. (*Id.* at 65:19–66:1.)

Mr. Alleva concluded that he does not have any personal knowledge with respect to plaintiff's petition. (*Id.* at 78:2–7.) Mr. Alleva testified that he has no personal knowledge of any contact between the lawyers representing Middleton and the clerk's office. (*Id.* at 80:9–16.) Mr. Alleva further testified that he did not have any knowledge as to whether defendant filed the petition, nor did he direct any member of his staff to reject the petition. (*Id.* at 85:5–18.) He submitted a declaration which states the same. (Def.'s Br., Exh. E.)

Likewise, Ms. Baker, who supervises the operation of the domestic relations branch, is not directly involved with the processing of petitions. (*Id.* at 87:1–7.) She testified that she has never seen the petition for visitation filed by plaintiff. (*Id.* at 90:5–8.) Ms. Baker also submitted a declaration, where she attests that she has not seen the petition, nor was she aware that such petition exists. (Def.'s Br., Exh. D.)

■ Plaintiff responds that defendants are responsible because the petition was addressed to the Office of the Prothonotary. (Pl.'s Dep., 20:14–21:2.) Plaintiff, however, has not produced any evidence that would support his bald contention that either Ms. Baker or Mr. Alleva ever had any "personal involvement" with the alleged filing. There is no genuine issue of material fact with respect to defendants' lack of "personal involvement" in processing the petition, even if the Court assumes that the petition was in fact mailed by plaintiff and received by the Prothonotary. For these reasons, plaintiff's claims against defendants fail as a matter of law and defendants' motion for summary judgment will be granted.[6]

---

5. The court's docket report does not reflect that the petition was received or filed in Family Court.

6. Defendants also argue that plaintiff's action is barred under the doctrine of quasi-judicial immunity because defendants "are employed as part of the judicial staff of the First Judicial District of the Court of Common Pleas." (Def.'s Br. 8.) The Court is not persuaded. Immunity is granted "not because of [an official's] particular location within the Government, but because of the special nature of their responsibilities." *Butz v. Economou,* 438 U.S. 478, 511, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

## C. Conspiracy Claims

Plaintiff alleges that defendants have participated in a conspiracy to deny him access to the Family Court and to interfere with his parental rights. The Court previously held that the conspiracy claims were barred under the *Rooker–Feldman* doctrine to the extent they "implicate the litigation to and including the Family Court's custody decisions." *McKnight,* 343 F.Supp.2d at 428 n. 10. The Court, however, held in abeyance, pending the completion of the defendants' depositions, the conspiracy claims "pertain[ing] to the Family Court's alleged failure to process McKnight's September 27, 2002 petition." *Id.* The Court now finds that remaining conspiracy claims fail as a matter of law.

■ "Only a finding that the underlying tort has occurred will allow a court to sustain a similar finding on the civil conspiracy charge." *Boyanowski v. Capital Area Intermediate Unit,* 215 F.3d 396, 405 (3d Cir.2000). Conspiracy is not actionable without commission of some wrong giving rise to cause of action independent of conspiracy. *In re Orthopedic Bone Screw Prods. Liab. Litig.,* 193 F.3d 781, 789 (3d Cir.1999).

In the instant case, plaintiff's underlying constitutional claims against defendants fail as a matter of law because there is no evidence that defendants had any "personal involvement" with the alleged violations. Thus, plaintiff's allegations of conspiracy cannot survive this motion for summary judgment.

## D. State–Law Intentional Infliction of Emotional Distress

Plaintiff contends that "[d]efendant's deprivation of [the] exercise of his constitutional, civil and other rights has caused [him] great pain and suffering . . . ." (Pl.'s Am. Compl. ¶ 129.) Because judgment is entered against plaintiff on all federal claims, this Court declines to exercise sup-

---

While it is well-settled that quasi-judicial immunity may apply to those who "perform functions closely associated with the judicial process," *Cleavinger v. Saxner,* 474 U.S. 193, 200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985), such as court clerks and prothonotaries, *see, e.g., Marcedes v. Barrett,* 453 F.2d 391, 391 (3d Cir.1971), the rule only applies when the court employee is performing a "function directly related to the court's decision-making activities," *Waits v. McGowan,* 516 F.2d 203, 206 (3d Cir.1975), or a function at the judge's direction, *DeFerro v. Coco,* 719 F.Supp. 379, 381 (E.D.Pa.1989). However, a court employee that exercises no discretion in the performance of his or her duties, such as an employee who performs pure ministerial duties, may not be entitled to quasi-judicial immunity. *See Brightwell v. Miller,* No. Civ. A. 92–2649; 1993 WL 429083, at *2 (E.D.Pa. Oct. 21, 1993) (denying quasi-judicial immunity to a clerk of courts because he "exercises no discretion in the performance of the duties of docketing and filing papers"); *Crews v. Petrosky,* 509 F.Supp. 1199, 1203 (W.D.Pa. 1981) ("The immunity of certain quasi-judicial officials derives not from mere associa-

tion with the judicial process, but because they exercise discretion akin to the judiciary."); *Allen v. Dorsey,* 463 F.Supp. 44, 47 (E.D.Pa.1978) ("Although the Clerk of the Court and his agents have important duties in the judicial process, their duties, such as docketing and filing papers with the court, are ministerial and mandatory acts which do not merit insulation form liability for damages by a grant of absolute 'quasi judicial' immunity.' ")

In the instant case, both defendants stated that their duties entail no judicial discretion. Mr. Alleva, as Clerk of the Family Court, testified that his office "does not deal with any facts of any case, just the mechanics of filing and docketing petitions." (Def.'s Dep, 34:1–3.) Similarly, Ms. Baker, as Director of Case Processing, testified that she merely oversees the operations domestic relations branch. (*Id.* at 87:1–10.) She stated in her declaration that she "manage[s] and direct[s]" various units within the Family Division. (Def.'s Br., Exh. D.) Neither defendant exercises the requisite judicial discretion entitling them to immunity.

plemental jurisdiction over plaintiff's state-law claims for intentional infliction of emotional distress. *See* 28 U.S.C. § 1367(c)(3); *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

## III. CONCLUSION

Defendants' motion for summary judgment is granted as to all federal claims. Judgment will be entered in favor of defendants Mark Alleva and Mary Lou Baker and against plaintiff on all federal claims. Having granted summary judgment as to all federal claims, the Court will decline to exercise jurisdiction over the state-law claim and will dismiss it without prejudice. An appropriate order follows.

## ORDER

**AND NOW** this **17th** day of **February, 2005,** it is hereby **ORDERED** that defen-dants Mark Alleva and Mary Lou Baker's motion for summary judgment (doc. no. 136) is **GRANTED** as to all claims against Mark Alleva and Mary Lou Baker.

**IT IS FURTHER ORDERED** that plaintiff's motion for a continuance to conduct discovery (doc. no. 137) is **DENIED.**[1]

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration (doc. no. 135), with respect to plaintiff's second, third, fifth amended complaints, and plaintiff's motion to compel discovery of all defendants and third parties, is **DENIED.**[2]

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment against defendants Marni Sweet and the Parent Infant Center (doc. no. 138) is **DENIED** as moot.[3]

**AND IT IS SO ORDERED.**

1. Plaintiff's motion is denied for the reasons stated in footnote 4 of the Court's Memorandum. Further, the Court finds that any additional requests not previously adjudicated exceed the scope of the claims that survived the Court's Memorandum and Order of November 4, 2004 (doc. no. 100).

2. Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Where, however, the amendment would be futile or inequitable, the Court may exercise its discretion to deny leave to amend. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (holding that "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice on the opposing party by virtue of allowance of the amendment, or futility of the amendment" are justifiable reasons to deny leave to amend); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 106 (3d Cir.2002).

The Court has already denied plaintiff leave to file the fifth amended complaint (doc. no. 68) as futile because of the implications of the *Rooker–Feldman* doctrine (doc. no. 109). The Court now finds that the fifth amended complaint is futile under the doctrine of claim preclusion, as discussed in the Court's Memorandum of February 17, 2006, footnote 3.

As to the motion for leave to file the third amended complaint (doc. no. 59) against Evangeline Rush and The Family Planning Council, alleging conspiracy, the Court wanted to first review the motions for summary judgment before making its decision whether or not to grant leave (doc. no. 60). The Court now finds that plaintiff's proposed third amended complaint is futile as it implicates the litigation leading up to and including the Family Court custody and visitation decisions, and thus, is barred under the *Rooker–Feldman* doctrine and the doctrine of claim preclusion.

As to the second amended complaint (doc. no. 13), alleging libel and slander against defendant Middleton, the Court finds the allegations were only meant to harass defendant Middleton and were made in bad faith.

The Court further finds that all discovery requests have adequately and fairly been adjudicated and there are no grounds for reconsideration. *See Max's Seafood Cafe ex. rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999).

3. The Court has previously denied all claims against all defendants, under the *Rooker–Feld-*

## JUDGMENT

AND NOW, this 17th day of February, 2006, pursuant to the Court's Order of February 17, 2006, judgment is entered in favor of all defendants and against plaintiff Anthony J. McKnight, as to all claims.

*man* doctrine and now under the doctrine of claim preclusion, as discussed in the Court's Memorandum of February 17, 2006, footnote 3, except: (1) plaintiff's claims pertaining to the Family Court's alleged failure to process his petition for visitation, and (2) plaintiff's conspiracy claims that pertain to the alleged failure of the Family Court to process the petition. *See McKnight*, 343 F.Supp.2d at 424 n. 5, 428 n. 10. The conspiracy claims against defendants Marni Sweet and the Parent Infant Center, which focus on the alleged non-disclosure of plaintiff's daughter's educational records, exceed those limited grounds.