

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2007

# McKnight v. Baker

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1922

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"McKnight v. Baker" (2007). *2007 Decisions.* Paper 899.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/899

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1922

ANTHONY J. MCKNIGHT,
                                        Appellant

v.

MARY LOU BAKER, Director Operations and Case Processing,
Court of Common Pleas of Philadelphia County Family Court Division
- Domestic Relations Branch; COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, Family Court Division - Domestic
Relations Branch; DAWN M. MIDDLETON; OTHER UNKNOWN
PERSONS; MARNI SWEET; PARENT INFANT CENTER, INC.;
MARK ALLEVA, individually and in his capacity as Manager,
Clerk of Court, Court of Common Pleas of Philadelphia, County,
Family Court division - Domestic Relations Branch;
CITY OF PHILADELPHIA; MARGARET KLAW, ESQUIRE;
BERNER & KLAW, ATTORNEYS AT LAW

Amended per Clerk's Order dated 5/25/06

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 03-cv-00952
District Judge:  The Honorable Eduardo C. Robreno

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2007

(Opinion Filed: June 21, 2007)

———————

OPINION

———————

BARRY, Circuit Judge

Appellant, Anthony J. McKnight, appeals the District Court's entry of summary judgment against him in this civil rights action. Because we agree with the District Court that McKnight is not entitled to relief in federal court, we will affirm.

**I.**

This case arises from a custody dispute between McKnight and Dawn Middleton, the mother of their daughter, Elena Ali McKnight. In February 2000, the Family Court division of the Court of Common Pleas of Philadelphia County entered a custody and visitation order in which Middleton was granted primary physical custody of Elena and McKnight was granted visitation rights. In October 2000, however, the court, finding that McKnight was in contempt for failing to undergo court-ordered drug testing, modified the custody order and suspended McKnight's visitation rights.

In response to his suspension of rights, McKnight alleges that, in September 2002, he mailed to the Family Court an Emergency Ex Parte Complaint for Visitation and

———————

[*] The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Communication. That document has never been filed.

Upset by the Family Court's failure to file his complaint, and irritated by the actions of numerous others, McKnight brought this action, pro se, in February 2003.[1] McKnight alleges that Middleton; Margaret Klaw, her lawyer; Berner & Klaw, the law firm representing her; Parent Infant Center ("PIC"), the childcare facility attended by Elena; and Marni Sweet, the Director of PIC, have "acted intentionally, with evil motive, in callous, reckless and wanton disregard, and in conscious disregard of [his] exercise of his natural, fundamental and constitutionally protected parental rights through the employment of various invidious and insidious tactics." (A.R. 36.) For example, McKnight alleges that Middleton and her lawyers have used Elena to further their "racist, sexist, neo-feminist and lesbian philosophies" by, among other things, forcing Elena to "spend a great amount of time in the company and care of a pathological hodgepodge of Middleton's Caucasian relatives, lovers, lesbian ex-lovers, nonpaternal lovers, friends, [and] associates." (A.R. 39, 41.) Regarding Sweet and PIC, McKnight complains that, despite knowing that he is Elena's father, they have repeatedly released her into the custody and care "of persons who are not Elena's parents." (A.R. 45.)

In addition to the foregoing, McKnight's complaint also named as defendants Mary Lou Baker, the Director of Operations and Case Processing for the Family Court; Mark Alleva, the Clerk of the Family Court; and the City of Philadelphia (collectively,

---

[1] McKnight is a lawyer who had practiced for approximately seven years before being suspended from the practice of law.

3

"Court defendants"). According to McKnight, these defendants violated his rights by refusing to file his September 2002 complaint.

In an opinion dated November 4, 2004, the District Court entered summary judgment for all but the Court defendants. See McKnight v. Baker, 343 F. Supp. 2d 422 (E.D. Pa. 2004). Pointing out that "[a] favorable ruling for McKnight would result in the reinstatement of his visitation rights, in derogation of the two state court orders" and that McKnight sought to "indirect[ly] attack" the custody determination of the Family Court, the Court concluded that, pursuant to the Rooker-Feldman doctrine,[2] it was without jurisdiction to hear most of McKnight's claims. Id. at 426. The Court allowed limited discovery on McKnight's claims against the Court defendants.

In an opinion dated February 17, 2006, the District Court entered summary judgment for the Court defendants.[3] See McKnight v. Baker, 415 F. Supp. 2d 562 (E.D. Pa. 2006). The Court ruled that, despite three years of litigation, McKnight "has been unable to establish any facts evidencing defendants' 'personal involvement' in the handling of his alleged petition for visitation." Id. at 563.

---

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[3] In addition, the Court discussed the Supreme Court's ruling in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), which offered new guidelines regarding the application of the Rooker-Feldman doctrine. In response to that ruling, the District Court offered a new legal rationale for its initial summary judgment order, finding that claim preclusion would operate to bar McKnight's claims. Because we find that the Rooker-Feldman doctrine applies here, we need not discuss this alternative holding.

4

McKnight timely appealed.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

**II.**

We exercise plenary review over a district court's order granting summary judgment and its application of the Rooker-Feldman doctrine. See Reese Bros., Inc. v. United States, 447 F.3d 229, 232 (3d Cir. 2006); Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006).  We may affirm the entry of summary judgment "if, when viewing the evidence in the light most favorable to the non-moving party, there is 'no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.' " Reese Bros., 447 F.3d at 232 (quoting Fed. R. Civ. P. 56(c)).

McKnight argues that the District Court incorrectly applied the doctrines of Rooker-Feldman and claim preclusion to his case because "it is not, and never has been about crafting an improper appeal of [a] final custody order from the Court of Common Pleas of Philadelphia County, Family Court Division . . . or claims that were litigated in that state court." App. Br. at 1–2.  As to the Court defendants, McKnight contends that the District Court improperly weighed the evidence on their motions for summary judgment.  We disagree.

First, with reference to the Rooker-Feldman doctrine, district courts do not have jurisdiction over cases brought by a "state-court loser[] complaining of injuries caused by [a] state-court judgment[] rendered before the district court proceedings commenced and inviting district court review and rejection of [that] judgment[]." Exxon Mobil Corp., 544

5

U.S. at 284. Despite McKnight's argument to the contrary, it is abundantly clear that the crux of his complaint is that Middleton and others conspired to have the Family Court suspend his visitation rights and have subsequently acted in accordance with that Family Court order. It is hard to imagine a case which more directly asks a district court to review the actions of a state court. In order for McKnight to prevail, the District Court would need to conclude that the Family Court erred in its suspension of McKnight's visitation rights, or that the various defendants have violated his constitutional rights in adhering to the dictates of that order. The District Court does not have jurisdiction to so conclude. See, e.g., Marran v. Marran, 376 F.3d 143, 151–53 (3d Cir. 2004); GASH Assocs. v. Village of Rosemont, 995 F.2d 726, 727–29 (7th Cir. 1993) ("[C]arrying out a judicial decision does not independently violate the Constitution.").

Second, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); see also Thomas v. Independence Township, 463 F.3d 285, 298 (3d Cir. 2006). As the District Court correctly noted, McKnight, despite ample discovery opportunities including depositions overseen by Judge Robreno, has come forward with no facts that could establish that the Court defendants had any involvement in the failure of the Family Court to file his 2002 complaint. Given the lack of a genuine issue of material fact, the District Court did not err in granting summary judgment to the Court defendants.

**III.**

6

For the foregoing reasons, we will affirm the orders of the District Court.